**Charlie Benson BOWEN,**
**Petitioner-Appellee,**

v.

**Ralph KEMP, Warden, Georgia Diagnostic and Classification Center,**
**Respondent-Appellant.**

No. 84–8327.

United States Court of Appeals,
Eleventh Circuit.

Dec. 2, 1985.

Susan V. Boleyn, Asst. Atty. Gen., William B. Hill, Jr., Atlanta, Ga., for respondent-appellant.

Paul H. Kehir, court appointed, Snellville, Ga., for petitioner-appellee.

Appeal from the United States District Court for the Northern District of Georgia; Harold L. Murphy, District Judge.

ON PETITION FOR REHEARING AND SUGGESTION FOR REHEARING EN BANC

Before FAY and JOHNSON, Circuit Judges, and YOUNG *, District Judge.

PER CURIAM:

The court having been polled at the request of one of the members of the court, and a majority of the circuit judges who are in regular active service not having voted in favor of it (Rule 35, Federal Rules of Appellate Procedure; Eleventh Circuit Rule 26), the suggestion for rehearing en banc is DENIED.

KRAVITCH, Circuit Judge, dissenting, with whom JOHNSON and CLARK, Circuit Judges, join:

As Judge Johnson points out in his dissent, the standard for evaluating claims of prosecutorial misconduct which this court adopted in *Brooks v. Kemp,* 762 F.2d 1383,

---

* Honorable George C. Young, U.S. District Judge for the Middle District of Florida, sitting by

1413 (11th Cir.1985) (*en banc*), and which the majority applied in the instant case, is incompatible with the standard enunciated by the Supreme Court in *Caldwell v. Mississippi,* —— U.S. ——, 105 S.Ct. 2633, 86 L.Ed.2d 231 (1985). To date, this court has not resolved this potential conflict. Although the majority of the *Bowen* panel, in its denial of panel rehearing, makes the cursory assertion that there is no conflict between the two standards, it furnishes no analytical basis for such a conclusion. The court has not yet squarely addressed the issue and reconciled the language of *Brooks* and *Caldwell.* I therefore dissent from the denial of Bowen's petition for rehearing en banc.